

Filed 6/1/2017 1:40:52 PM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy

CAUSE NO. 293,118-C

| | | |
|---|---|---|
| **ROBERT LEE WALLINGFORD,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **BELL COUNTY, TEXAS** |
| **(1) MATTHEW KEITH CASEY; and** | § | |
| **(2) WERNER ENTERPRISES, INC. d/b/a** | § | |
| **NEBRASKA WERNER ENTERPRISES,** | § | |
| **INC. d/b/a WERNER ENT** | § | |
| *Defendants* | § | ___169TH___ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

TO THIS HONORABLE COURT:

COMES NOW Robert Lee Wallingford, Plaintiff, complaining of Matthew Keith Casey (hereinafter referred to as "Casey") and Werner Enterprises, Inc. d/b/a Nebraska Werner Enterprises, Inc. d/b/a Werner Ent (hereinafter referred to as "Werner Enterprises")., Defendants, and would respectfully show:

#### 1. Discovery Control Plan and Rule 47 Statement

1.1     Plaintiff requests that the Court conduct discovery in this matter under Level 2 of the Discovery Control Plan pursuant to Rule 190 of the Texas Rules of Civil Procedure.

1.2     Plaintiff's Request for Disclosure, Request for Admissions, Interrogatories, and Request for Production propounded to Defendants are attached to Plaintiff's Original Petition and are being served contemporaneously upon said defendants pursuant to Rules 194, 196, 197, and 198 of the Texas Rules of Civil Procedure.

1.3     For purposes of Rule 47 of the Texas Rules of Civil Procedure, Plaintiff would note that Plaintiff seeks monetary relief over $1,000,000.00.

## 2. Parties

2.1     Plaintiff is a resident of McLennan County, Texas.

2.2     In accordance with Section 30.015 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that Plaintiff's address is 702 West 3rd, Eddy, Texas 76524.

2.3     In accordance with Section 30.014 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that the last three (3) numbers of Plaintiff's driver's license number are 223 and that the last three (3) numbers of Plaintiff's Social Security number are 318.

2.4     Defendant Casey is a resident of Rogers County, Oklahoma that committed a tort in the State of Texas.

2.5     Defendant Casey may be served with process at 3310 Heritage Drive, Claremore, Oklahoma 74019 (telephone: unknown), or wherever said defendant may be found.

2.6     Defendant Werner Enterprises is a foreign for-profit corporation doing business in the State of Texas.  Its principal place of business is in Omaha, Nebraska.

2.7     Defendant Werner Enterprises may be served with process via its registered agent, John Vidaurri, at 8601 Peterbilt Avenue, Dallas, Texas 75241 (telephone: unknown), or wherever said agent may be found.

## 3. Jurisdiction

3.1     Plaintiff's damages are within the jurisdictional limits of this Court.

3.2     Defendant Casey is a resident of Oklahoma and subject to the jurisdiction of this Court.

3.3     Defendant Werner Enterprises does business in Texas and is subject to the jurisdiction of this Court.

### 4. Venue

4.1     All or a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in Bell County, Texas.

4.2     Venue is therefore proper in Bell County, Texas pursuant to Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code.

### 5. Facts of Case

5.1     On or about September 5, 2017, along Interstate Highway 35 in Troy, Bell County, Texas, a vehicle operated by Defendant Casey and owned by Defendant Werner Enterprises collided with a vehicle operated by Plaintiff.

5.2     At all times material to the events of this lawsuit Defendant Casey controlled, utilized, maintained, and operated vehicles in conduct of Defendant Werner Enterprises' business. Defendant Casey was in the course and scope of his employment with Defendant Werner Enterprises when he was involved in a collision with a vehicle being operated by Plaintiff. That collision and the injuries sustained by Plaintiff as a result of that collision provide the basis of this lawsuit.

5.3     Defendant Casey's failure to use ordinary care in the operation of Defendants' vehicle was a proximate cause of this wreck and Plaintiff's resulting injury.

5.4     Defendant Werner Enterprises' failure to use ordinary care and ensure Defendant Casey was a safe and competent driver was also a proximate cause of this wreck and Plaintiff's resulting injury.

### 6. Causes of Action

6.1     Plaintiff bases Plaintiff's causes of action in part upon negligence or negligence per se as these terms are defined under the common law and statutes of Texas and the doctrines of respondeat superior and res ipsa loquitur are invoked where applicable.

6.2     Plaintiff would show that the conduct of Defendants, as set forth herein and otherwise, constituted negligence by act or omission, each and all of which was a proximate cause of the occurrence or injury in question and Plaintiff's damages resulting from the occurrence or injury in question.

6.3     Defendant Werner Enterprises is vicariously liable for the actions of Defendant Casey and for Plaintiff's injuries and damages under the legal theory of respondeat superior as that term is defined and understood pursuant to Texas law.

6.4     All conditions precedent to the filing of this lawsuit and bringing said causes of action have been performed or have occurred.

### 7. Damages

7.1     Plaintiff has suffered damages in the past as well as in the future.

7.2     These damages, past and future, include those damages resulting to Plaintiff, conditioned as Plaintiff was at the time of the occurrence in question, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

7.3     These damages, past and future, include physical pain, mental anguish, loss of earnings or earning capacity, disfigurement, physical and mental impairment, and reasonable expenses for necessary health care, including rehabilitative services and devices, resulting from the injuries sustained in the occurrence in question.

7.4     These damages include any subsequent aggravation of the injuries sustained in the occurrence in question.

7.5     As a result of the Plaintiff's injuries, he has received and will continue to receive medical care furnished by the United States of America. The Plaintiff, for the sole use and benefit of the United States of America, under the provisions of 42 U.S.C. 2561 et seq,

and with its express consent, asserts a claim for the reasonable value of said past and future care.

## 8. Prayer for Relief

8.1     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants for all damages to which Plaintiff is entitled by law, prejudgment as well as postjudgment interest, costs of court, and such other and further relief, general and special, legal and equitable, to which Plaintiff is justly entitled.

## 9. Rule 193.7 Notice to Defendants

9.1     TO DEFENDANTS: Plaintiff hereby notifies you, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, that Plaintiff currently intends to use all items produced by you in this litigation at any pretrial proceeding or trial.

## 10. Rule 609(f) Request to Defendants

10.1     TO DEFENDANTS:    Pursuant to Rule 609(f) of the Texas Rules of Evidence, Plaintiff hereby requests, in regard to any witnesses that shall be named by any party as a person with knowledge of relevant facts, or as a testifying expert, that you give Plaintiff sufficient advance written notice of your intent to use evidence of a conviction of any such witness.

Respectfully submitted,
**Daniel Stark P.C.**

BY:_____

Veronica Valenzuela
State Bar No. 24042080
vvalenzuela@danielstarklaw.com
Daniel Stark, P.C.
Post Office Box 1153
Bryan, TX 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
ATTORNEY FOR PLAINTIFF

CAUSE NO. 293,118-C

| | | |
|---|---|---|
| **ROBERT LEE WALLINGFORD,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **BELL COUNTY, TEXAS** |
| **(1) MATTHEW KEITH CASEY; and** | § | |
| **(2) WERNER ENTERPRISES, INC. d/b/a** | § | |
| **NEBRASKA WERNER ENTERPRISES,** | § | |
| **INC. d/b/a WERNER ENT** | § | |
| *Defendants* | § | **169ᵗʰ  JUDICIAL DISTRICT** |

### PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT WERNER ENTERPRISES, INC.

TO:     Defendant Werner Enterprises, Inc.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose the information or material described in the following subparts of Rule 194.2 within fifty (50) days of service of this request:

    a.    The correct names of the parties to the lawsuit;

    b.    The name, address, and telephone number of any potential parties;

    c.    The legal theories and, in general, the factual basis of your claims or defenses;

    d.    The amount and any method of calculating economic damages;

    e.    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

    f.    For any testifying expert:

        1.    the expert's name, address, and telephone number;

        2.    the subject matter on which the expert will testify;

        3.    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents, reflecting such information;

4.    if the expert is retained by, employed by, or otherwise subject to your control:

A.    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

B.    the expert's current resume and bibliography;

g.    Any indemnity and insuring agreements described in Rule 192.3(f);

h.    Any discoverable settlement agreements described in Rule 192.3(g);

i.    Any discoverable witness statements described in Rule 192.3(h);

j.    All medical records and bills that are reasonably related to the injuries or damages asserted;

k.    All medical records and bills obtained by virtue of an authorization; and

l.    The name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,

DANIEL STARK, P.C.

BY: _____

Veronica Valenzuela
Bar No. 24042080
vvalenzuela@danielstarklaw.com
Post Office Box 1153
Bryan, Texas 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
ATTORNEY FOR PLAINTIFF

CAUSE NO. 293,118-C

| | | |
|---|---|---|
| ROBERT LEE WALLINGFORD, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | **BELL COUNTY, TEXAS** |
| (1) MATTHEW KEITH CASEY; and | § | |
| (2) WERNER ENTERPRISES, INC. d/b/a | § | |
| NEBRASKA WERNER ENTERPRISES, | § | |
| INC. d/b/a WERNER ENT | § | |
| *Defendants* | § | 169th  JUDICIAL DISTRICT |

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT WERNER ENTERPRISES, INC.

TO:   Defendant Werner Enterprises, Inc.

Plaintiff hereby requests, pursuant to the provisions of Rule 198 of the Texas Rules of Civil Procedure, that you admit the truth of the following enumerated matters within fifty (50) days after service of these requests for admission in order to simplify the issues for consideration by the Court. You are reminded that lack of information or knowledge is not a proper response unless you have made a reasonable inquiry. If you fail to admit the truth of any matter and Plaintiffs thereafter prove the truth of the matter, you are warned that you may be required to pay the reasonable expenses incurred in making that proof pursuant to Rule 215 of the Texas Rules of Civil Procedure.

Respectfully submitted,

DANIEL STARK, P.C.

BY: _____

Veronica Valenzuela
Bar No. 24042080
vvalenzuela@danielstarklaw.com
Post Office Box 1153
Bryan, Texas 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
ATTORNEY FOR PLAINTIFF

## REQUESTED ADMISSIONS

1.   Do you admit or deny that on September 5, 2015, you owned the 2015 Peterbilt Truck driven by Defendant William Keith Casey that was involved in the collision at issue?

RESPONSE:

2.   Do you admit or deny that Defendant William Keith Casey was acting in the course and scope of his employment with Defendant Werner Enterprises, Inc at the time of the collision?

RESPONSE:

3.   Do you admit or deny that on September 5, 2015, one or more 2015 Peterbilt Trucks were regularly used within the course of your business?

RESPONSE:

4.   Do you admit or deny that Defendant William Keith Casey was an employee of Defendant Werner Enterprises, Inc on September 5, 2015?

RESPONSE:

5.   Do you admit or deny that Defendant William Keith Casey was a driver for Defendant Werner Enterprises, Inc on September 5, 2015?

RESPONSE:

6.   Do you admit or deny that on September 5, 2015, the 2015 Peterbilt Truck was available for use by Defendant Driver?

RESPONSE:

7.   Do you admit or deny that you gave Defendant William Keith Casey permission to drive the 2015 Peterbilt Truck on September 5, 2015?

RESPONSE:

8.   Do you admit or deny that prior to the collision at issue, you had knowledge that Defendant William Keith Casey would be driving a vehicle owned by you on September 5, 2015?

RESPONSE:

9.   Do you admit or deny that you did not report the 2015 Peterbilt Truck missing or stolen?

RESPONSE:

10.   Do you admit or deny that on September 5, 2015, Defendant William Keith Casey operated a vehicle owned by you?

RESPONSE:

11.   Do you admit or deny that on and before the date of the collision, you failed to ensure that Defendant William Keith Casey was a safe and competent driver?

RESPONSE:

12.   Do you admit or deny that, prior to June 23, 2015, you knew Defendant William Keith Casey had a driving record that reflected past offense(s)?

RESPONSE:

13.   Do you admit or deny that you or your liability insurance carrier received written notice of the claims made the basis of the above styled lawsuit on or about September 5, 2015?

RESPONSE:

14.   Do you admit or deny that following the collision at issue, you investigated the damage and other potential issues with the 2015 Peterbilt Truck?

RESPONSE:

15.   Do you admit or deny that you placed the 2015 Peterbilt Truck back in service after the collision at issue?

RESPONSE:

16.   Do you admit or deny that you made repairs or alterations to the 2015 Peterbilt Truck before placing same back in service?

RESPONSE:

17.   Do you admit or deny that you took pictures of either the interior or exterior of the 2015 Peterbilt Truck following the collision at issue?

RESPONSE:

18.    Do you admit or deny that you conducted an investigation of the causes of the collision at issue?

RESPONSE:

19.    Do you admit or deny that you or someone on your behalf prepared a report detailing the causes of the collision at issue?

RESPONSE:

20.    Do you admit or deny that Defendant William Keith Casey was not disciplined or reprimanded as a result of the collision at issue?

RESPONSE:

21.    Do you admit or deny that Defendant William Keith Casey pay was not reduced as a result of the collision at issue?

RESPONSE:

22.    Do you admit or deny Defendant William Keith Casey's pay is based, in part, on the mileage driven?

RESPONSE:

23.    Do you admit or deny that Defendant William Keith Casey was not given any warning, either verbal or written, as a result of the collision at issue?

RESPONSE:

24.    Do you admit or deny that Defendant William Keith Casey was not terminated as a result of the collision at issue?

RESPONSE:

25.    Do you admit or deny that you did not conduct a background check before hiring Defendant William Keith Casey?

RESPONSE:

26.     Do you admit or deny that you did not check William Keith Casey's driving record before hiring him?

RESPONSE:

27.     Do you admit or deny that you did not check William Keith Casey's criminal background before hiring him?

RESPONSE:

28.     Do you admit or deny that Defendant William Keith Casey held a valid commercial driver's license at the time of the incident in question?

RESPONSE:

28.     Do you admit or deny that Plaintiff's injuries are related to the wreck in question?

RESPONSE:

29.     Do you admit or deny that you believe that Plaintiff was injured as a result of the motor vehicle collision which forms the basis of this lawsuit?

RESPONSE:

30.     Do you admit or deny that you believe Plaintiff **could** have been injured as a result of the motor vehicle collision which forms the basis of this lawsuit?

RESPONSE:

31.     Do you admit or deny that you believe it was appropriate for Plaintiff to seek medical care as a result of the motor vehicle collision which forms the basis of this lawsuit?

RESPONSE:

32.     Do you admit or deny that any employees of Defendant Werner Enterprises, Inc gave a written or recorded statement relating to the collision at issue before the filing of this lawsuit?

RESPONSE:

33.     Do you admit or deny that an incident or accident report, or similar document relating to the wreck in question, was prepared by you or on your behalf before the filing of this lawsuit?

RESPONSE:

34.     Do you admit or deny that you have a consulting expert whose mental impressions or opinions have been reviewed by a testifying expert?

RESPONSE:

35.     Do you admit or deny that your truck had no defects or mechanical problems that caused or contributed to the collision at issue?

RESPONSE:

36.     Do you admit or deny that drivers must keep a lookout for other vehicles to keep people safe?

RESPONSE:

37.     Do you admit or deny that there are rules that control the flow of traffic in the state of Texas?

RESPONSE:

38.     Do you admit or deny that the rules that control the flow of traffic in the state of Texas are meant to keep people safe?

RESPONSE:

39.     Do you admit or deny that a driver is never allowed to needlessly endanger the community?

RESPONSE:

40.     Do you admit or deny that a driver who causes a wreck is responsible for any resulting injuries?

RESPONSE:

41.     Do you admit or deny that Defendant William Keith Casey called his supervisor, boss, or another employee at Defendant Werner Enterprises, Inc from the scene of the collision?

RESPONSE:

42.     Do you admit or deny that any company representative[1] came to the scene of the accident?

_____

[1] "Representative" includes employees, supervisors, owners, or investigators.

RESPONSE:

43.   Do you admit or deny that a company representative[2] removed items from the truck at the scene of the accident?

RESPONSE:

44.   Do you admit or deny that a company representative[3] spoke with law enforcement officers at the scene of the accident?

RESPONSE:

45.   Do you admit or deny that a company representative[4] spoke with Defendant William Keith Casey at the scene of the accident?

RESPONSE:

46.   Do you admit or deny that a company representative took pictures at the scene of the collision?

RESPONSE:

47.   Do you admit or deny that Defendant William Keith Casey's truck contained a driver's logbook?

RESPONSE:

48.   Do you admit or deny that under your company protocol, it is mandatory for all your drivers of commercial vehicles to maintain a driver's logbook?

RESPONSE:

49.   Do you admit or deny that Defendant William Keith Casey's truck contained a inspection logbook?

RESPONSE:

50.   Do you admit or deny that under your company protocol, it is mandatory for all your drivers of commercial vehicles to maintain a driver's logbook?

RESPONSE:

---

[2] "Representative" includes employees, supervisors, owners, or investigators.

[3] "Representative" includes employees, supervisors, owners, or investigators.

[4] "Representative" includes employees, supervisors, owners, or investigators.

51.   Do you admit or deny that Defendant William Keith Casey completed a pre-trip inspection before embarking on the September 5, 2015, trip at issue?

RESPONSE:

52.   Do you admit or deny that it is part of your company protocol for drivers to complete a pre-trip inspection before embarking on a trip?

RESPONSE:

53.   Do you admit or deny that the vehicle in question carried a "blackbox" or any other mechanism to record driving and/collision records?

RESPONSE:

54.   Do you admit or deny that you have downloaded any kind of trip data from the vehicle in question, including "blackbox" or GPS data, regarding the date of the incident in question?

RESPONSE:

55.   Do you admit or deny that the vehicle driven by Defendant William Keith Casey at the time of the incident in question was not in compliance with all applicable Department of Transportation requirements for commercial vehicles?

RESPONSE:

56.   Do you admit or deny that you were responsible for the maintenance of the 2015 Peterbilt Truck on the date of the incident in question?

RESPONSE:

57.   Do you admit or deny that you are an "employer" as defined by FMCSA section 390.5?

RESPONSE:

58.   Do you admit or deny that you are a "motor carrier" as defined by FMCSA section 390.5?

RESPONSE:

59.   Do you admit or deny that, prior to the incident in question, you verified that Defendant William Keith Casey was at least 21 years old?

RESPONSE:

60.   Do you admit or deny that, prior to the incident in question, you verified that Defendant William Keith Casey could read and speak the English language

sufficiently to converse with the general public, to understand highway traffic signs and signals in the English language, and was able to respond to official inquiries and make entries on records and reports in English?

RESPONSE:

61.  Do you admit or deny that, prior to the incident in question, you ensured that Defendant William Keith Casey could, by reason of experience, training, or both, safely operate the type of commercial motor vehicle he/she was driving at the time of the wreck in question?

RESPONSE:

62.  Do you admit or deny that, prior to the incident in question, you ensured that Defendant William Keith Casey was physically qualified to drive a commercial motor vehicle in accordance with FMCSA?

RESPONSE:

63.  Do you admit or deny that, prior to the incident in question, you verified that Defendant William Keith Casey had prepared and furnished you with a list of violations or the certificate as required by FMCSA section 391.27?

RESPONSE:

64.  Do you admit or deny that, prior to the incident in question, you ensured that Defendant William Keith Casey was not disqualified to drive a commercial motor vehicle under FMCSA section 391.15?

RESPONSE:

65.  Do you admit or deny that, prior to the incident in question, you ensured that Defendant William Keith Casey had successfully completed a driver's road test or has been issued a certificate of driver's road test in accordance with FMCSA section 391.31?

RESPONSE:

66.  Do you admit or deny that, prior to the incident in question, you ensured that Defendant William Keith Casey did not have any disqualifying offenses on his/her record as defined by FMCSA section 391.15(2)(C)(iv)?

RESPONSE:

67.  Do you admit or deny that you maintained a driver investigation file on Defendant William Keith Casey, as required by FMCSA section 391.21?

RESPONSE:

68.   Do you admit or deny that you maintained a driver investigation history file on Defendant William Keith Casey, as required by FMCSA sections 391.23 (d) and (e)?

RESPONSE:

**CAUSE NO. 293,118-C**

| | | |
|---|---|---|
| ROBERT LEE WALLINGFORD, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | **BELL COUNTY, TEXAS** |
| (1) MATTHEW KEITH CASEY; and | § | |
| (2) WERNER ENTERPRISES, INC. d/b/a | § | |
| NEBRASKA WERNER ENTERPRISES, | § | |
| INC. d/b/a WERNER ENT | § | |
| *Defendants* | § | **169ᵗʰ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT WERNER ENTERPRISES, INC.

TO:    Defendant Werner Enterprises, Inc.

Plaintiff hereby requests, pursuant to the provisions of Rule 197 of the Texas Rules of Civil Procedure, that you serve complete written answers to the following Interrogatories within fifty (50) days after service of these Interrogatories. Your answers should include all responsive information reasonably available to you or within the possession, custody, or control of your employees, agents, or attorneys. *See* TEX. R. CIV. P. 193.1 ("When responding to written discovery, a party must make a complete response, based on all information reasonably available to the responding party or its attorney at the time the response is made.").

Respectfully submitted,

DANIEL STARK, P.C.

BY: _____

Veronica Valenzuela
Bar No. 24042080
vvalenzuela@danielstarklaw.com
Post Office Box 1153
Bryan, Texas 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
ATTORNEY FOR PLAINTIFF

## INTERROGATORIES

**Interrogatory No. 1:**

Please identify your full correct business name as registered including when the partnership was licensed to do business in the State of Texas, the address of your principal office in Texas, the names and addresses of each partner whether general or limited, your Department of Transportation Number, and all prior business names.

**Answer:**

**Interrogatory No. 2:**

Please provide the name(s) and title(s) of the person(s) answering these interrogatories.

**Answer:**

**Interrogatory No. 3:**

Identify any person who has assisted you in answering these interrogatories.

**Answer:**

**Interrogatory No. 4:**

Describe any information you have indicating or any reason you have to believe that there was a defect or failure on the part of any vehicle or equipment involved in the incident in question.

**Answer:**

**Interrogatory No. 5:**

Describe any information you have indicating, or any reason you have to believe, that there was any defect in the road or in the marking and signing on that road that caused or contributed to cause the incident in question.

**Answer:**

**Interrogatory No. 6:**

Describe any information you have that leads you to believe or upon which you base any contention that weather or any weather condition was a factor or contributed to this incident in any way.

**Answer:**

**Interrogatory No. 7:**

Give the date of the last inspection of your vehicle to comply with the state inspection requirements, and give the name of the inspection station that conducted such inspection.

**Answer:**

**Interrogatory No. 8:**

Please state the location of your driver's departure point and destination at the time of the incident which forms the basis of this suit.

**Answer:**

**Interrogatory No. 9:**

Identify the manufacturer, model, year model, and VIN number of the Tractor Trailer involved in the incident in question.

**Answer:**

**Interrogatory No. 10:**

Identify each and every witness to this incident.  Include each person's full name, address and telephone number.

**Answer:**

**Interrogatory No. 11:**

If you contend in Defendant's Original Answer, or any amended or supplemental Answers, that you are not liable in the capacity in which you have been sued or that you are not a proper party to this lawsuit, please state every fact relied upon you to support that contention.

**Answer:**

**Interrogatory No. 12:**

List by date and topic all driving courses, classes and other training provided to your driver related to hazard recognition, accident avoidance, or defensive driving from the time he became a driver for you through the date of the incident in question.

**Answer:**

**Interrogatory No. 13:**

With regard to any investigation conducted by you into this incident which forms the subject matter of this litigation, please state the following:

a) Whether it was your regular course of business to conduct an investigation into an incident of this sort, whether litigation was anticipated or not;

b) Identify every person involved in the investigation;

c) For each person involved in the investigation, describe the acts of that person which constitute investigation or which relate to the investigation, and state the date of each such act;

d) Identify any documents which refer or relate to the investigation.

e) State the results, findings or conclusions of said investigation; and

f) If you contend that any of the information sought in this interrogatory is privileged, for each such privilege claimed, please specifically state all facts which support your claim of privilege, and identify any documents which support that claim of privilege.

**Answer:**

**Interrogatory No. 14:**

Please identify all documents and tangible things that relate to any claim or defense in this action.

**Answer:**

**Interrogatory No. 15:**

Please identify the individual(s) and/or entity responsible for dispatching decisions on the date in question.

**Answer:**

**Interrogatory No. 16:**

Please identify when you first became aware of the potential for litigation, stemming from the events forming the basis of this lawsuit.

**Answer:**

**Interrogatory No. 17:**

Please identify all instances where Defendant William Keith Casey was placed out of service for FMCSR safety regulation violations.

**Answer:**

**Interrogatory No. 18:**

Please describe in detail your pre-employment screening process for new drivers, and the steps you took to ensure Defendant William Keith Casey was eligible for hire, including Defendant William Keith Casey road test, who conducted it, and what the results were.

**Answer:**

**Interrogatory No. 19:**

Please describe in detail the dispatch procedure regarding your drivers, and the process used determine each driver's respective route, load, and daily/weekly drive time.

**Answer:**

**Interrogatory No. 20:**

Please identify all owners of the tractor trailer at issue, and whether or not any signage was posted on the vehicle to indicate ownership of same.

**Answer:**

**Interrogatory No. 21:**

Please identify all steps taken by you to promote safe driving and adherence to the Federal Motor Carrier Safety Regulations by your drivers.

**Answer:**

**Interrogatory No. 22:**

Please identify your driver safety policies, whether written or oral. Include in your answer all policies regarding driver discipline for violation(s) of motor carrier safety regulations.

**Answer:**

**Interrogatory No. 23:**

Please identify how you enforced each policy referenced in your answer to the preceding Interrogatory.

**Answer:**

**Interrogatory No. 24:**

Please identify the identity of your safety director and list his or her qualifications for this position.

**Answer:**

CAUSE NO. 293,118-C

| | | |
|---|---|---|
| ROBERT LEE WALLINGFORD, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | BELL COUNTY, TEXAS |
| (1) MATTHEW KEITH CASEY; and | § | |
| (2) WERNER ENTERPRISES, INC. d/b/a | § | |
| NEBRASKA WERNER ENTERPRISES, | § | |
| INC. d/b/a WERNER ENT | § | |
| *Defendants* | § | 169th  JUDICIAL DISTRICT |

### PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT WERNER ENTERPRISES, INC.

TO:    Defendant Werner Enterprises, Inc.

Plaintiff hereby requests, pursuant to the provisions of Rule 196 of the Texas Rules of Civil Procedure, that you serve a written response to this Request for Production and that you thereafter produce the requested documents within your possession, custody, or control by delivering the originals of these documents to the offices of Daniel Stark, P.C., Bryan, Texas. You are requested to serve a written response within fifty (50) days after service of this Request for Production and to produce these documents within one (1) day thereafter. Electronically stored information (including electronic or magnetic data) should be produced in its native format.  Moreover, you are requested to either produce these documents as they are kept in the usual course of business or to organize and label these documents to correspond with the categories in this Request. *See* TEX. R. CIV. P. 196.3(c); *Texaco, Inc. v. Dominguez,* 812 S.W.2d 451, 457 (Tex. App.—San Antonio 1991, no writ).  You are further advised, pursuant to the provisions of Rule 193.7 of the Texas Rules of Civil Procedure, that the documents you produce will actually be used in trial as well as in all further pre-trial proceedings.

Respectfully submitted,

DANIEL STARK, P.C.

BY: _____
Veronica Valenzuela
Bar No. 24042080
vvalenzuela@danielstarklaw.com
Post Office Box 1153
Bryan, Texas 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
ATTORNEY FOR PLAINTIFF

### REQUESTED ITEMS:

1.  All documents, tangible things, and electronically stored information (including electronic or magnetic data) relating to the incident in question. *See K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 430-31 (Tex. 1996) (declining to hold such a request as overly broad, when the incident is an isolated occurrence, because "we think a reasonable person would understand from the request what documents fit the description"); s*ee also* TEX. R. CIV. P. 190.2(b)(6) (explicitly allowing a similar discovery request).

2.  Any company manuals, handbooks, driver's manuals, company-issued rules and regulations, directives, or notices in effect at the time the accident occurred utilized by you regarding your employees work, driving activities, job performance, discipline, pickup, and delivery of cargo.

3.  Any documents, printouts, or downloads of any GPS, satellite, land-based, or other tracking or positioning system related to your vehicle involved in the incident in question for the six month time period preceding the incident in question through present.

4.  All settlement agreements reached with any other person/entity related to the incident in question.

5.  All documents which support or evidence your contention as to the earliest date upon which you reasonably anticipated litigation on this claim.

6.  All 911 recordings or transcripts regarding this claim.

7.  All documents and correspondence between you, or your insurance carrier, and Plaintiff's medical providers.

8.  All documents and correspondence between you, or your insurance carrier, and Plaintiff's employers.

9.  Any and all police reports and other governmental reports or records concerning this claim and/or Plaintiff.

10. All photographs, video recordings, audio recordings, films, animations, simulations, sketches, drawings, diagrams, illustrations, maps, charts, graphs, models, and other visual or electronic images of:

    (a)   the underlying facts;
    (b)   the scene of the incident in question;
    (c)   the incident in question;
    (d)   how the incident in question occurred;
    (e)   the damages sustained by anyone as a result of the incident in question;
    (f)   the plaintiff;
    (g)   anyone involved in the incident in question;

    (h)    all property damaged or involved in the incident in question; and/or

    (i)    concerning any issue raised by the pleadings of the parties.

11.    All documents, tangible things, and electronically stored information (including electronic or magnetic data) evidencing the fair market value of property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

12.    All documents, tangible things, and electronically stored information (including electronic or magnetic data) evidencing the cost to repair property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

13.    All documents, tangible things, and electronically stored information (including electronic or magnetic data) evidencing the replacement cost of all property which was or is alleged to have been damaged or destroyed as a result of the occurrence which forms the basis of this lawsuit.

14.    All medical, employment, and insurance records regarding Plaintiff that you have obtained through any subpoena or any deposition.

15.    Please produce all records of any convictions of Plaintiff and any person with knowledge of relevant facts.

16.    All documents, tangible things, and electronically stored information (including electronic or magnetic data) which form the basis of any contention that any plaintiff in this lawsuit was negligent or otherwise caused or contributed to the wreck which forms the basis of this lawsuit.

17.    Records of any and all monies paid by you or on your behalf to Plaintiff as a result of the occurrence in question.

18.    The first written notice of this claim received by you or your insurance carrier.

19.    All documents signed by Plaintiff.

20.    All documents, tangible things, and electronically stored information (including electronic or magnetic data) that constitute or contain accounts of the accident in question which have been submitted to any government agency, including communications in the nature of accident reports.

21.    All documents, tangible things, and electronically stored information (including electronic or magnetic data) that constitute or contain your account of the incident in question (including the account of your driver, if different than you), which you/he prepared or gave to anyone prior to the filing of this lawsuit, including items in the nature of incident reports, interviews with insurance adjusters, and email reporting the incident in question. *See* TEX. R. CIV. P. 192.5(c)(1).

22.   All documents, tangible things, and electronically stored information (including electronic or magnetic data) constituting, containing, or reflecting warnings or instructions, which relate to the claims or defenses in this lawsuit, that you contend were available to any driver prior to the incident in question.

23.   All statutes, regulations, and government safety standards which relate to the claims or defenses in this lawsuit.

24.   Copies of any and all documents relating to any investigation, citation or compliance review of Defendant William Keith Casey conducted by the Department of Transportation or any other governmental agency, insurance company or private consultant.

25.   Copies of any and all accident reports for accidents in which the vehicle involved in the collision made the basis of this suit were involved including the accident serving as the basis of this lawsuit.

26.   All documents and electronically stored information (including electronic or magnetic data) from any electronic on-board recorder, event data recorder, sensing and diagnostic module, electronic control module or unit, or similar on-board activity recording computer for any vehicle involved in the incident in question, including information related to speeds, distances, braking, time, defensive driving maneuvers, routes, hours in service, and other "black box" data, as well as the actual devices themselves.

27.   All documents, tangible things, and electronically stored information (including electronic or magnetic data) recording the business and personal use by anyone, during the six (6) months prior to the incident in question, of a vehicle operated by anyone in the incident in question, including mileage records required by the Internal Revenue Service.

28.   All documents and electronically stored information (including electronic or magnetic data) recording the use, on the day of the incident in question, of any mobile telephone or electronic device, which was in any driver's or occupant's physical possession at the time of the incident in question.

29.   All documents constituting or containing an insurer's reservation of rights or denial of insurance coverage for any of the claims or damages alleged in this lawsuit against anyone, including those documents constituting a "reservation of rights" letter or a "non-waiver agreement."

30.   Any petition or complaint filed in any declaratory judgment action in which you are a party and which relate to insurance coverage or indemnity for any claims arising out of the incident in question.

31.   Any petition or complaint filed in any lawsuit in which you are a party, other than this lawsuit, that arises out of the incident in question.

32.  For each lawsuit filed against you alleging a bodily injury or death occurring during the five (5) years prior to the incident in question or since the incident in question, and which allegedly resulted in whole or in part from a motor-vehicle incident (including with a pedestrian), the documents and electronically stored information (including electronic or magnetic data) constituting:

    (a)  the last complaint, petition, or pleading filed against you in the lawsuit;

    (b)  your last answer or responsive pleading filed in the lawsuit; and

    (c)  the sworn oral testimony given by you or any of your past or present employees during any court proceeding or deposition in the lawsuit along with any exhibits referenced therein.

33.  All documents, tangible things, and electronically stored information (including electronic or magnetic data) that constitute, contain, record, or reflect any changes which have been made or measures which have been taken by you since the incident in question, which may make similar incidents less likely to occur in the future, including video recordings, photographs, drawings, memos, correspondence, work orders, invoices, new warnings or instructions, as well as new safety rules, policies, and procedures.

34.  Copies of any audits, inspections, surveys, or statistics of Defendant William Keith Casey's driver safety policy, procedure, or practice by any insurer's private consultants or government entities.

35.  All documents and electronically stored information (including electronic or magnetic data) that constitute, contain, record, or reflect anything in the nature of a joint defense agreement between you and any other party in this lawsuit.

36.  With respect to any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert:

    (a)  those documents reasonably necessary to determine the consulting expert's name, address, and telephone number;

    (b)  the consulting expert's current resume and bibliography;

    (c)  all documents, tangible things, and electronically stored information (including electronic or magnetic data) constituting, containing, or reflecting the consulting expert's mental impressions and opinions formed or made in connection with this case, and any methods used to derive them;

    (d)  all documents, tangible things, and electronically stored information (including electronic or magnetic data) constituting, containing, or reflecting the facts known by the consulting expert that relate to or form the basis of the consulting expert's mental impressions and opinions formed or made in connection with this case; and

    (e)  all documents, tangible things, electronically stored information (including electronic or magnetic data), reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert in anticipation of the testifying expert's testimony.

37. Copies of any and all NTSB, DOT, or ICC investigative reports and OSHA 200 forms from five years before the date of the accident to the present.

38. The title to any vehicle driven by any defendant, as well as to any items towed by said vehicles.

39. All documents, records, notations, memoranda, and electronically stored information (including electronic or magnetic data) relating to the repair and/or maintenance of the truck at issue for the period of one (1) year before and after the wreck in question.

40. All documents, records, reports, notations, electronically stored information (including electronic or magnetic data), and other items relating to any insurance claims, including property damage claims or worker's compensation claims, made by you as a result of this incident.

41. All newspaper articles, television reports, or internet reports or articles that reference the wreck in question.

42. All documents, tangible things, and electronically stored information (including electronic or magnetic data) identified by you in any discovery answers.

43. All documents, tangible things, and electronically stored information (including electronic or magnetic data) referred to by any defendant, or witness for a defendant, in a deposition.

44. All social media posts made by you from twenty-four (24) hours before the wreck in question to twenty-four (24) hours thereafter.

45. All social media posts made by any defendant related to the wreck in question or any plaintiff.

46. All blog posts made by you twenty-four (24) hours before the wreck in question to twenty-four (24) hours thereafter.

47. All blog posts made by any defendant related to the wreck in question or any plaintiff.

48. All emails sent by you twenty-four (24) hours before the wreck in question to twenty-four (24) hours thereafter.

49. All communications, electronic or otherwise, sent by you or sent to you, related to the wreck in question or any plaintiff (this request does not seek communications with your lawyers).

50. All communications, electronic or otherwise, referring or relating to your physical or mental condition from twenty-four (24) hours before the wreck in question to twenty-four (24) hours thereafter.

51. Any documents, tangible things, and electronically stored information (including electronic or magnetic data) that supports your damages model supplied in your Disclosure 194.2(d).

52. Copies of any and all company policies regarding drug testing of a driver following a collision or accident.

53. Any and all documents reflecting training conducted by Defendant Werner Enterprises, Inc or its agents, representatives or employees, to include but not limited the training, if any, Defendant William Keith Casey received on the proper and safe inspection, maintenance, and operation of the 2015 Peterbilt Truck.

54. Any documents, tangible things, and electronically stored information (including electronic or magnetic data) supporting any denial of Plaintiff's Request for Admissions.

55. Any documents, tangible things, and electronically stored information (including electronic or magnetic data) upon which you base your affirmative or inferential rebuttal defenses found in your Original Answer.

56. Non-privileged portions of any insurance claims file prepared prior to the date on which you contend you reasonably anticipated litigation on this claim.

57. A copy of all Southwest Index Bureau a/k/a SWIB reports regarding this claim or Plaintiff.

58. All reports generated for Defendant by COLOSSUS 5.10 ASSESSMENT FOR GENERAL DAMAGES, or any other version of COLOSSUS, MITCHELL MEDICAL, NORTH AMERICAN CONSULTANTS, or other medical review of medical bills or records audits of any kind, including but not limited to CONCENTRA or CORVELL reports or audits of any kind, prepared in the ordinary course of business or prior to the anticipation of litigation, pertaining to the wreck or Plaintiff's injuries, medical treatment, or medical bills.

59. Defendant William Keith Casey's employee file, including but not limited to employment records such as performance reviews, results of pre-employment background or credit checks, any drug test results, disciplinary records, driver's record, and complaints.

60. Copies of any and all of Defendant Werner Enterprises, Inc.'s policies, procedures, and programs concerning:

    a.    Driver and Fleet Safety;
    b.    Vehicle maintenance standards, including the standards for the parts used to maintain and repair equipment;
    c.    Driver standards;
    d.    Mechanic standards;
    e.    Dispatcher standards;
    f.    Driver compensation;
    g.    Hiring and firing drivers;

       h.      Training drivers;

       i.       Monitoring drivers; and

       j.      Termination and discipline of drivers and / or employees

61. Employee timesheets for Defendant William Keith Casey for one month preceding the incident in question, and including the date of the incident.

62. Any documents or records that would show Defendant William Keith Casey drove any vehicle owned by Defendant Werner Enterprises, Inc on the date of the incident in question.

63. The inspection logbook for the truck involved in the collision at issue, for one year preceding the incident in question and including the date of the incident.

64. The driver's logbook for Defendant William Keith Casey for one month preceding the incident in question and including the date of the incident.

65. The contents of the involved truck's cabin on the date of the incident in question. This should include the contents taken from the scene or any time afterwards, as well as all pictures of same.

66. Defendant William Keith Casey's mileage and fuel records for one month preceding the incident in question, and including the date of the incident.

67. The mileage and fuel records of the truck at issue over the six month preceding the incident in question.

68. Documentation from any pre-trip inspections that were done on the truck involved in the collision at issue for one month preceding the incident in question, and including the date of the incident.

69. Documentation from any post-trip inspections that were done on the truck involved in the collision at issue for one month preceding the incident in question, and including the date of the incident, or after this timeframe, if the inspection(s) were done as a result of the collision at issue.

70. Documentation from any during-trip inspections that were done on the truck involved in the collision at issue for one month preceding the incident in question, and including the date of the incident.

71. Any reports that were prepared for one month preceding the incident in question, and including the date of the incident, regarding the condition of the truck involved in the collision at issue.

72. Documents showing the weight of the 2015 Peterbilt Truck involved in the collision at issue on the date of the incident.

73. Documents detailing, listing, or stating the cargo of the truck involved in the collision at issue on the date of the incident in question, including but not limited to inventory checklists, contracts, receipts, or order forms.

74.  Documents listing the contents of the cabin of the truck involved in the collision at issue, on the date in question.

75.  Documents showing Defendant William Keith Casey's destination on the date of the incident in question.

76.  Copies of all correspondence between Defendant William Keith Casey and anyone working at Defendant Werner Enterprises, Inc from the date of the incident, to present, including emails, text messages, letters, and voice messages, regarding Defendant William Keith Casey's fitness as a driver.

77.  The results of any drug or alcohol tests administered on Defendant William Keith Casey from their date of hire to present.

78.  Defendant William Keith Casey's medical and billing records for any medical treatment received from his date of hiring to present.

79.  Any written warnings issued by you to Defendant William Keith Casey both before and after the collision at issue.

80.  Complete and clearly readable copies of all receipts for any trip expenses or purchases made by Defendant William Keith Casey on the date of the accident regardless of type of purchase, such as fuel, weighing of vehicles, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, and all otherwise described receipts regardless of the type of objects or services purchased.

81.  Complete and clearly readable copies of the Driver Qualification File maintained by Defendant Werner Enterprises, Inc on Defendant William Keith Casey along with any other documents contained therein.  Please refer to the following sub-Definitions "A-1 through A-13" herein and follow them closely:

A-1. Any pre-employment questionnaires or other documents secured from Defendant William Keith Casey prior to employment.

A-2. Any and all completed applications for employment secured both before and/or after the actual date of contract or employment of Defendant William Keith Casey.

A-3. All medical examinations, drug tests and certification of medical examinations inclusive of expired and non-expired documents regarding Defendant William Keith Casey.

A-4. Any and all of Defendant William Keith Casey's annual violation statements.

A-5. All actual driver's motor carrier road tests administered to Defendant William Keith Casey.

A-6. All actual driver's motor carrier written tests administered to Defendant William Keith Casey.

A-7. All road and written test certificates issued to Defendant William Keith Casey by you or any other motor carrier or organization of which you are in possession regardless of the date issued or the originator of such certificates.

A-8. All past employment inquiries sent to or secured from former employers along with all responses received from former employers inclusive of all U. S. mail, personal contact or telephone inquiries and results directed to or received by you from past employers of Defendant William Keith Casey.

A-9. All inquiries to and answers received from any organization in reference to the driver's record of traffic violations and accidents directed to and/or received by any Defendant, or other organizations on behalf of defendants, from state or federal governmental agencies, or other organizations, relative to Defendant William Keith Casey's traffic and accident record.

A-10. Copies of all road or written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of any of the Defendant regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carriers to Defendant William Keith Casey.

A-11. All annual reviews, file reviews or file summaries and related documents found in the Defendant's driver qualification file of Defendant William Keith Casey.

A-12. All documents relative to any drug testing of Defendant William Keith Casey.

A-13. Applications for employment, owner/operator or other types of contracts, agreements, payroll or money advanced records, attendance records, computer generated documents and any other summary type document regardless of subject, description or form relative to Defendant William Keith Casey or the services performed by Defendant William Keith Casey.

A-14. Hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents relative to Defendant William Keith Casey.

A-15. Prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relate to Defendant William Keith Casey.

A-16. FOMCSFO or other law enforcement agencies, terminal audits or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of any of the defendant's file reviews or summaries of violations of company, state or federal laws, rules or regulations committed by Defendant William Keith Casey.

A-17. Any and all other contents of Defendant William Keith Casey's driver qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

82.   Complete and clearly readable copies of any and all your officers', executives' or administrators' notices, directives, bulletins, publications and manuals of any type or otherwise described written instructions referring to the day-to-day motor carrier operating and safety procedures to be followed by your company personnel, managers, supervisors, dispatchers and drivers. Specifically, any document relative to disciplinary policies or procedures for late freight delivery, motor fleet safety or failure to comply with the FMCSR in existence and effective at Defendant Werner Enterprises, Inc on the date of the accident.

83.   Defendant William Keith Casey's driving record if in the possession of Defendant Trucking Company.

84.   Any records or documentation (medical or non-medical) which would indicate that Defendant William Keith Casey had alcohol and/or drugs (including prescription or non-prescription, legal or illegal) in his bloodstream or urine at the time or immediately following the Collision in Question.

85.   Any records or documentation (medical or non-medical) which would indicate that Defendant William Keith Casey was a user of marijuana within one (1) year preceding the Collision in Question.

86.   Any records or documentation (medical or non-medical) which would indicate that Defendant William Keith Casey was a user of any illegal substance within one (1) year preceding the Collision in Question.

87.   Any driver investigation history files in your possession regarding Defendant William Keith Casey.

Filed 6/1/2017 1:40:52 PM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy

# JOANNA STATON
## BELL COUNTY DISTRICT CLERK
## REQUEST FOR SERVICE

CAUSE NUMBER  293,118-C

STYLE  *Robert Lee Wallingford v. Matthew Keith Casey, et al.*

## TYPE OF SERVICE REQUESTED

| | COST FOR SERVICE | |
|---|---|---|
| | **DISTRICT CLERK** | **SHERIFF/CONSTABLE** |
| ___ Resident Citation | $8.00 | $70.00 |
| _X_ Non-Resident Citation | $8.00 | |
| ___ Citation by Restricted Mail | $80.00 | |
| ___ Citation to Secretary of State | $12.00 | |
| ___ Citation to Secretary of State by Certified Mail | $82.00 | |
| ___ Citation by Certified Mail | $78.00 | |
| ___ Citation by Publication (newspaper) | $78.00 | |
| ___ Citation by Publication (courthouse door) | $78.00 | |
| ___ Show Cause | $8.00 | $70.00 |
| ___ Temporary Restraining Order | $8.00 | $100.00 |
| ___ Notice Application for Protective Order | $8.00 | $20.00 |
| ___ Subpoena | $8.00 | $70.00 |
| ___ Subpoena-Duces Tecum | $8.00 | $70.00 |
| ___ Abstract of Judgment | $8.00 | |
| ___ Order of Sale | $8.00 | $150.00 |
| ___ Capias | $8.00 | $150.00 |
| ___ Notice of Expunction | $8.00 | |
| ___ Order of Expunction | $8.00 | |
| ___ Bench Warrant | $8.00 | $150.00 |
| ___ Writ of Attachment | $8.00 | $150.00 |
| ___ Writ of Execution | $8.00 | $150.00 |
| ___ Writ of Garnishment | $8.00 | $150.00 |
| ___ Writ of Habeas Corpus | $8.00 | $150.00 |
| ___ Writ of Injunction | $8.00 | $100.00 |
| ___ Writ of Possession | $8.00 | $150.00 |
| ___ Writ of Sequestration | $8.00 | $150.00 |
| ___ Expedited Foreclosures | $86.00 | |
| (includes certified & 1st class mail) | | |
| ___ Other: _____ | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NAME AND ADDRESS OF PERSON TO BE SERVED:

_____

 Werner Enterprises, Inc. d/b/a Nebraska

 Werner Enterprises, Inc. d/b/a Werner Ent

 via Registered Agent: John Vidaurri

 5601 Peterbilt Avenue, Dallas, Texas 75241

**TO BE SERVED BY:**
___ Bell County Sheriff
___ Private Process _____
_x_ Back to Attorney
___ District Clerk
___ Constable _____

**REQUESTED BY:**
 Brittany Johnson, Daniel Stark, P.C.

**DATE REQUESTED:**
 6/1/17

Filed 6/1/2017 1:40:52 PM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy

# JOANNA STATON
## BELL COUNTY DISTRICT CLERK
## REQUEST FOR SERVICE

CAUSE NUMBER  293,118-C

STYLE  *Robert Lee Wallingford v. Matthew Keith Casey, et al.*

## TYPE OF SERVICE REQUESTED

### COST FOR SERVICE

| TYPE OF SERVICE REQUESTED | DISTRICT CLERK | SHERIFF/CONSTABLE |
|---|---|---|
| ___ Resident Citation | $8.00 | $70.00 |
| _X_ Non-Resident Citation | $8.00 | |
| ___ Citation by Restricted Mail | $80.00 | |
| ___ Citation to Secretary of State | $12.00 | |
| ___ Citation to Secretary of State by Certified Mail | $82.00 | |
| ___ Citation by Certified Mail | $78.00 | |
| ___ Citation by Publication (newspaper) | $78.00 | |
| ___ Citation by Publication (courthouse door) | $78.00 | |
| ___ Show Cause | $8.00 | $70.00 |
| ___ Temporary Restraining Order | $8.00 | $100.00 |
| ___ Notice Application for Protective Order | $8.00 | $20.00 |
| ___ Subpoena | $8.00 | $70.00 |
| ___ Subpoena-Duces Tecum | $8.00 | $70.00 |
| ___ Abstract of Judgment | $8.00 | |
| ___ Order of Sale | $8.00 | $150.00 |
| ___ Capias | $8.00 | $150.00 |
| ___ Notice of Expunction | $8.00 | |
| ___ Order of Expunction | $8.00 | |
| ___ Bench Warrant | $8.00 | $150.00 |
| ___ Writ of Attachment | $8.00 | $150.00 |
| ___ Writ of Execution | $8.00 | $150.00 |
| ___ Writ of Garnishment | $8.00 | $150.00 |
| ___ Writ of Habeas Corpus | $8.00 | $150.00 |
| ___ Writ of Injunction | $8.00 | $100.00 |
| ___ Writ of Possession | $8.00 | $150.00 |
| ___ Writ of Sequestration | $8.00 | $150.00 |
| ___ Expedited Foreclosures | $86.00 | |
| (includes certified & 1st class mail) | | |
| ___ Other: _____ | | |

**********************************************************************

NAME AND ADDRESS OF PERSON TO BE SERVED:

_____

 Matthew Keith Casey

 3310 Heritage Drive

 Claremore, Oklahoma 74019

_____

### TO BE SERVED BY:
___ Bell County Sheriff
___ Private Process _____
_x_ Back to Attorney
___ District Clerk
___ Constable _____

### REQUESTED BY:
Brittany Johnson, Daniel Stark, P.C.

### DATE REQUESTED:
6/1/17

Server MAIL

# THE STATE OF TEXAS

## CITATION

## Cause No. 293118 - 0

**To**
  **WERNER ENTERPRISES, INC D/B/A NEBRASKA**
  **WERNER ENTERPRISES, INC D/B/A WERNER ENT**
  **VIA REGISTERED AGENT: JOHN VIDAURRI**
  **5601 PETERBILT AVENUE**
  **DALLAS, TEXAS 75241**

**Defendant,** in the hereinafter styled and numbered cause:
You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before 10:00 a.m. on the first Monday following the expiration of twenty (20) days from the date of service hereof, with the clerk of the **169TH DISTRICT COURT**, Bell County, Texas, to be held at the Bell County Justice Complex Building, District Courts in Belton, Texas, a copy of which accompanies this citation, in the cause number **293118 - 0**, styled

  **ROBERT LEE WALLINGFORD**
  **VS**
  **MATTHEW KEITH CASEY**

filed in said court on June 01, 2017.

This was issued at the request of attorney: VERONICA VALENZUELA,  PO BOX 1153  BRYAN, TEXAS 77806.

**NOTICE TO Defendant:** *You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 AM on the first Monday following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.*

Witness, JOANNA STATON, District Clerk of Bell County, Texas.

Issued and given under my hand and seal of said Court at office in Belton, Texas, on  June 05, 2017.

                                         **JOANNA STATON, District Clerk**
                                         Bell County, Texas
                                         1201 West Huey Road
                                         P.O. Box 909
                                         Belton, Texas 76513

                                         By: _____Deputy Clerk
                                                   HOELSCLL



bdc_cit

server MAIL

# THE STATE OF TEXAS

## NON-RESIDENT CITATION

### Cause No. **293118 - 0**

**To**

    **MATTHEW KEITH CASEY**
    **3310 HERITAGE DRIVE**
    **CLAREMORE, Oklahoma 74019**

**Defendant,** in the hereinafter styled and numbered cause:
You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before 10:00 a.m. on the first Monday following the expiration of twenty (20) days from the date of service hereof, with the clerk of the **169TH DISTRICT COURT**, Bell County, Texas, to be held at the Bell County Justice Complex Building, District Courts in Belton, Texas, a copy of which accompanies this citation, in cause number 293118 - 0, styled

       **ROBERT LEE WALLINGFORD**
       **VS**
       **MATTHEW KEITH CASEY**

filed in said court on June 01, 2017.

This was issued at the request of attorney: VERONICA VALENZUELA,  PO BOX 1153  BRYAN, TEXAS 77806.

**NOTICE TO Defendant:** *You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer, with the clerk who issued this citation by 10:00 AM on the first Monday following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.*

Witness, JOANNA STATON, District Clerk of Bell County, Texas.

Issued and given under my hand and seal of said Court at office in Belton, Texas, on  June 05, 2017.

                      **JOANNA STATON, District Clerk**
                      Bell County Texas
                      1201 West Huey Road
                      P.O. Box 909
                      Belton, Texas 76513

                      By: _____ Deputy Clerk
                          HOELSCLL



Clerk's Copy

bdc_cnr



293118

Filed 6/21/2017 10:09 AM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy

Server MAIL

# THE STATE OF TEXAS

## CITATION

### Cause No. 293118 - 0

**ORIGINAL**

**To**
**WERNER ENTERPRISES, INC D/B/A NEBRASKA**
**WERNER ENTERPRISES, INC D/B/A WERNER ENT**
**VIA REGISTERED AGENT: JOHN VIDAURRI**
**5601 PETERBILT AVENUE**
**DALLAS, TEXAS 75241**

**Defendant,** in the hereinafter styled and numbered cause:
You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before
10:00 a.m. on the first Monday following the expiration of twenty (20) days from the date of service hereof, with the clerk
of the **169TH DISTRICT COURT**, Bell County, Texas, to be held at the Bell County Justice Complex Building, District
Courts in Belton, Texas, a copy of which accompanies this citation, in the cause number **293118 - 0**, styled

**ROBERT LEE WALLINGFORD**
**VS**
**MATTHEW KEITH CASEY**

filed in said court on June 01, 2017.

This was issued at the request of attorney: VERONICA VALENZUELA,  PO BOX 1153  BRYAN, TEXAS 77806.

**NOTICE TO Defendant:** *You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a
written answer with the clerk who issued this citation by 10:00 AM on the first Monday following the expiration of
twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.*

Witness, JOANNA STATON, District Clerk of Bell County, Texas.

Issued and given under my hand and seal of said Court at office in Belton, Texas, on  June 05, 2017.

**JOANNA STATON, District Clerk**
Bell County, Texas
1201 West Huey Road
P.O. Box 909
Belton, Texas 76513
By: _____ Deputy Clerk
HOELSCLL

*Safety Supervisor*

*I have permission to accept for Terminell Manager*

bdc_clt

293118-0

| Robert Lee Wallingford | * In the |
| | * |
| vs | * 169th District Court |
| Matthew Keith Casey | * |
| | * Bell County, Texas |

## AFFIDAVIT OF SERVICE

I, Keith Lowery, having first been duly sworn do state that:

I am over the age of eighteen (18) years, of sound mind, and am not a party to this suit, nor interested in the outcome of this matter.  I have personal knowledge of the facts and statements in this affidavit, and each is true and correct.

On the date and at the time of June 10, 2017 at 05:00 PM, Certified Process Servers, LLC received a Citation with attached Original Petition, Requests for Disclosures, Interrogatories, Admissions and Production to be delivered to:

> Werner Enterprises, Inc. dba Nebraska Werner Enterprises, Inc. dba Werner ENT
> by delivering to John Vidaurri, registered agent
> 5601 Peterbilt Ave., Dallas, TX  75241

On June 13, 2017 at 01:40 PM, I delivered said documents to:

> Werner Enterprises, Inc. dba Nebraska Werner Enterprises, Inc. dba Werner ENT
> by delivering to John Vidaurri, registered agent
> accepted by Lucy Melgar, agent for service of process
> 8701 Peterbilt Ave., Building 2, Dallas, TX  75241

Keith Lowery
SCH802    expires: 7/31/2017

**VERIFICATION**
**STATE OF TEXAS**

Before me, a Notary Public, on this day personally appeared Keith Lowery known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

Given under my hand and seal of office this June 13, 2017.

_____
Notary Public in and for the State of Texas

17-030363

ALAYNE LOWERY
Notary ID # 7133345
My Commission Expires
March 29, 2020

293118

server MAIL

# THE STATE OF TEXAS

## NON-RESIDENT CITATION

Cause No. **293118 - 0**

Filed 6/22/2017 3:52 PM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Lacey Martindale , Deputy

ORIGINAL

To

**MATTHEW KEITH CASEY**
**3310 HERITAGE DRIVE**
**CLAREMORE, Oklahoma 74019**

**Defendant,** in the hereinafter styled and numbered cause:
You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before 10:00 a.m. on the first Monday following the expiration of twenty (20) days from the date of service hereof, with the clerk of the **169TH DISTRICT COURT**, Bell County, Texas, to be held at the Bell County Justice Complex Building, District Courts in Belton, Texas, a copy of which accompanies this citation, in cause number 293118 - 0, styled

**ROBERT LEE WALLINGFORD**
**VS**
**MATTHEW KEITH CASEY**

filed in said court on June 01, 2017.

This was issued at the request of attorney: VERONICA VALENZUELA,  PO BOX 1153  BRYAN, TEXAS 77806.

**NOTICE TO Defendant:** *You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer, with the clerk who issued this citation by 10:00 AM on the first Monday following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.*

Witness, JOANNA STATON, District Clerk of Bell County, Texas.

Issued and given under my hand and seal of said Court at office in Belton, Texas, on  June 05, 2017.

**JOANNA STATON, District Clerk**
Bell County Texas
1201 West Huey Road
P.O. Box 909
Belton, Texas 76513

By: _____  Deputy Clerk
     HOELSCLL

bdc_cnr




293118

## CITATION RETURN OF SERVICE IN ANOTHER STATE

### Cause No. 293118 - 0

ROBERT LEE WALLINGFORD
VS
MATTHEW KEITH CASEY

IN THE
169TH DISTRICT COURT
BELL COUNTY, TEXAS

ADDRESS FOR SERVICE:
MATTHEW KEITH CASEY
3310 HERITAGE DRIVE
CLAREMORE, Oklahoma 74019

### OFFICER'S RETURN

Came to hand on the __9__ day of __June__, 2017, at __3__ o'clock __P__.m., and executed in __Rogers__ County, State of __Oklahoma__, by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION** at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|---------------------------------------------|
| Matthew Keith Casey | 6/5/17 7pm | 3310 Heritage Dr, Claremore, OK 74019 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

FEES:                                    $_____ —
Serving Petition and Copy      $_____           __Nathan Alessi_____, Officer

Total                                                    County of __Rogers_____,

                                                            State of __Oklahoma_____

                                                            By: __Nathan Alessi__, ~~Deputy~~ Process Server

                                                                          Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with TRCP Rule 107; the officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is __Nathan Alessi__, my date of birth is __6/16/1980__, and my address is
        (First, Middle, Last)
__320 S Boston Ave, Ste 1130, Tulsa, OK 74103__."
        (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in __Rogers__ County, State of __Oklahoma__, on the __19__ day of __June__, 2017.

                                                    Declarant/Authorized Process Server
                                                    __PSS-2017-7 / 4/26/2020 | Statewide Process Server__
                                                    (Id # & expiration of certification)

**Rule 108.** - **Service in Another State.** Where the defendant is absent from the State, or is a nonresident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant; and such notice may be served by any disinterested person who is not less than eighteen years of age, in the same manner as provided in Rule 106 hereof. The return of service in such cases shall be completed in accordance with Rule 107. A defendant served with such notice shall be required to appear and answer in the same manner and time and under the same penalties as if he had been personally served with a citation within this State to the full extent that he may be required to appear and answer under the Constitution of the United States in an action either in rem or in personam.

bdc_cnr

Filed 6/26/2017 12:28 PM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy

WER.8658

## CAUSE NO. 293,118-C

| | | |
|---|---|---|
| **ROBERT LEE WALLINGFORD** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | **BELL COUNTY, TEXAS** |
| **(1) MATTHEW KEITH CASEY; and** | § | |
| **(2) WERNER ENTERPRISES, INC. d/b/a** | § | |
| **NEBRASKA WERNER ENTERPRISES,** | § | |
| **INC. d/b/a WERNER ENT.** | § | |
| *Defendants* | § | **169TH JUDICIAL DISTRICT** |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **MATTHEW KEITH CASEY AND WERNER ENTERPRISES, INC. D/B/A NEBRASKA WERNER ENTERPRISES, INC. D/B/A WERNER ENT.**, Defendants named in the above entitled and numbered cause, and files this their Original Answer, and for same would respectfully show unto the Court as follows:

## I.

### GENERAL DENIAL

Defendants denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

## II.

### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendants demand a trial by jury.  Simultaneously with the filing of this demand, a jury fee is being paid on behalf of these Defendants.

**III.**

**<u>AFFIRMATIVE DEFENSES</u>**

1.  Defendants affirmatively plead that the jury should consider the comparative fault or causative negligence of any other party, settling party, designated responsible third party and/or non-party, for their actions or inactions in operating their vehicles as they relate to the events made the basis of this lawsuit and Plaintiff's claims and alleged damages.

2.  Defendants affirmatively plead that they are entitled to an offset and credit in the amount of any settlements obtained by Plaintiff for the claims in this matter from any other parties.

3.  Defendants would show that Plaintiff is limited to the recovery of medical expenses that are both reasonable and necessary, and further that such recovery is limited to those medical expenses actually "paid or incurred" pursuant to Texas Civil Practice & Remedies Code §41.0105.

4.  Defendants would show that Plaintiff is limited in any attempt for the recovery of lost earnings and/or earnings capacity pursuant to Texas Civil Practice & Remedies Code §18.091.

5.  Defendants affirmatively plead that any claims for gross negligence and exemplary damages are subject to the limitations and statutory caps as set forth in Chapter 41 *et. seq.* of the Texas Civil Practice & Remedies Code.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **MATTHEW KEITH CASEY** and **WERNER ENTERPRISES, INC. D/B/A NEBRASKA WERNER ENTERPRISES, INC. D/B/A WERNER ENT.**, pray that the Plaintiff take nothing by this suit, that Defendants go hence with their costs without delay, and for such other and further relief,

both general and special, at law and in equity, to which Defendants may show themselves justly

entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas  75240
(972) 934-9100
(972) 934-9200 [FAX]

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served upon all attorneys of record in this cause of action on the 26th day of June, 2017 as indicated below.

***Via ECF***
Veronica Valenzuela
DANIEL STARK, P.C.
Post Office Box 1153
Bryan, TX  77806

**DANIEL M. KARP**